IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**PETE SUTTON**,

    Plaintiff and
    Defendant-in-Counterclaim

v.

**OWNERS INSURANCE COMPANY**,

    Defendant and
    Plaintiff-in-Counterclaim.

Case No. 7:15-CV-21 (HL)

## ORDER

A pretrial conference was held in this case on April 15, 2016. During the conference, Plaintiff's Motions in Limine (Doc. 43), Defendant's Motions in Limine (Docs. 33, 34), and Plaintiff's Motion for Leave of Court for Attorney to Testify to Attorney Fees and Argue Case (Doc. 44) were heard. Following the conference, Plaintiff and Defendant filed a Joint Motion in Limine (Doc. 54). The Court enters the following order on those motions.

**I.   JOINT MOTION IN LIMINE WITH RESPECT TO MERCURY INSURANCE CLAIM (Doc. 54)**

The parties consent to this motion. It is **SUSTAINED**.

## II.     PLAINTIFF'S MOTIONS IN LIMINE (Doc. 43)

### A.     Employment of Counsel/Fees

Plaintiff moves to exclude any reference or suggestion regarding the time or circumstance under which Plaintiff employed any of his attorneys, or any reference or suggestion regarding the existence of a contingency fee arrangement between Plaintiff and his counsel.  Defendant agrees that the circumstances under which Plaintiff hired his attorneys are not relevant to the issues presented; however, the circumstances may become relevant during the presentation of evidence on the parties present at the time Plaintiff was examined under oath or demands for payment that were made.  Defendant further responds that it does not plan to reference the existence of any contingency fee arrangements, unless it becomes an appropriate subject for cross-examination. The Court **RESERVES** ruling on the admissibility of this evidence.

### B.     Effect of Claims on Insurance Rates

The parties consent to this motion.  It is **SUSTAINED**.

### C.     Impeachment on Collateral Issues

Plaintiff moves to exclude extrinsic evidence to prove or disprove issues that are collateral to the subject matter of the case.  Defendant agrees that impeachment on collateral issues is generally prohibited by the Federal Rules of Evidence, but does not believe Plaintiff is entitled to a ruling "prohibiting Defense

counsel from engaging in such conduct during trial." The Court agrees. The Court **RESERVES** ruling on the admissibility of this evidence.

### D. Use of Exhibits During Opening Statement

Plaintiff moves the Court to rule, in advance of trial, that graphics, photographs, portions of letters, and a timeline of events may be used by Plaintiff's attorney during her opening statement. Prior to the pretrial conference, the parties reached an agreement on this motion, whereby Plaintiff's attorney will be permitted to use exhibits that Defendant has agreed in advance are admissible during her opening statement. Accordingly, the motion is **SUSTAINED IN PART** and **OVERRULED IN PART**. Plaintiff's attorney is permitted to use exhibits during her opening that Defendant has agreed are admissible.

## III. DEFENDANT'S MOTIONS IN LIMINE

### A. Defendant's Motion in Limine to Prohibit Mention at Trial that Mercury Insurance Paid Pete Sutton For His Van Insurance Claim (Doc. 33)

This motion is **OVERRULED** as moot, in light of the Joint Motion in Limine With Respect to Mercury Insurance Claim (Doc. 54).

### B. Defendant's Motion in Limine Regarding the Non-Prosecution of the Plaintiff in Any Criminal Proceeding (Doc. 34)

The parties consent to this motion. It is **SUSTAINED**.

**IV.  PLAINTIFF'S MOTION FOR LEAVE OF COURT FOR ATTORNEY TO TESTIFY TO ATTORNEY FEES AND ARGUE CASE (Doc. 44)**

The parties consent to this motion. It is **SUSTAINED**. Plaintiff's attorney will be permitted to testify as to her fee, and will submit an exhibit outlining and justifying her fee. She will be subject to cross-examination.

**SO ORDERED**, this the 9th day of May, 2016.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

les